UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-02825-SPG (DFM) | Date: | January 7, 2025 |
|---|---|---|---|
| Title | Francisco Lopez v. Kathleen Allison | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Timeliness

On December 10, 2024, Petitioner Francisco Lopez, a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under this rule, district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. For the reasons discussed below, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely.

I. BACKGROUND

Petitioner is serving an indeterminate term of life imprisonment without parole imposed in 2008 after a jury found him guilty of special circumstances gang-related first-degree murder committed through the discharge of a firearm resulting in death and for the benefit of a criminal street gang, as well as street terrorism. See Petition at 2, 99. On April 20, 2010, the California Court of Appeal affirmed the judgment of conviction. See id. at 3. Petitioner did not file a Petition for Review with the California Supreme Court. See id.

In January 2024, Petitioner filed a habeas petition in the Orange County Superior Court, raising eight claims. See id. at 3-4. On February 8, the Superior Court denied the petition in a reasoned opinion. See id. at 99-108. On March 28, the California Court of Appeal summarily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

denied the petition. See id. at 110. On June 18, the California Supreme Court summarily denied the petition. See id. at 112.

As grounds for federal habeas relief, Petitioner asserts: (1) collateral and judicial estoppel; (2) judicial bias; (3) prosecutorial misconduct; (4) hearsay; (5) improper witnesses; (6) ineffective assistance of trial counsel; (7) ineffective assistance of appellate counsel; and (8) that the state habeas rulings are objectively unreasonable. See id. at 29-37.[1]

**II.   DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for the writ of habeas corpus filed by state prisoners. A petition filed by a prisoner challenging a non-capital state conviction or sentence now must be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

As Petitioner did not petition for review in the California Supreme Court, his conviction became final on or about May 30, 2010, forty days after the date on which the California Court of Appeal issued its opinion affirming the judgment of conviction. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). However, Petitioner did not file his federal petition until December 10, 2024, more than thirteen years past the one-year deadline. Unless Petitioner is entitled to some tolling, he is time-barred.

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2). In addition to statutory tolling, the limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010). "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).

Even assuming Petitioner's state habeas petitions tolled the statute of limitations, the Petition is still more than twelve years late. Furthermore, Petitioner has not alleged any facts indicating that he may be entitled to additional statutory tolling or equitable tolling. Petitioner's response to this Order should identify any facts that would permit him to demonstrate that he is

---

[1] Petitioner's "Questions Presented" appear to raise different claims than the "Reasons for Granting the Writ" section, but it makes no difference for purposes of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

entitled to tolling. See <u>Banjo v. Ayers</u>, 614 F.3d 964, 967 (9th Cir. 2010) (habeas petitioner bears the burden of proving that the statute of limitations was tolled).

### III.   CONCLUSION

Based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE IN WRITING**, within twenty-eight (28) days, why this action should not be dismissed pursuant to AEDPA's one-year period of limitation.

Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute.** See **Fed. R. Civ. P. 41(b).**